# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr13-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **DENNIS LAMAR BRUTON.** | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Unseal Documents [Doc. 632].

The Defendant states that he is unable to file a motion pursuant to 28 U.S.C. §2255 without a copy of his Presentence Report and the Objections thereto. On June 4, 2012, however, the Defendant did, in fact, file a Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. [Doc. 634; Civil Case No. 1:12cv123 at Doc. 1]. The Defendant attached a portion of his Second Revised Final Presentence Report [Doc. 540] to that motion. The motion is therefore moot as to that document.

The documents sought by the Defendant are Presentence Reports,

Objections thereto and revisions of those reports and objections. [Docs. 440, 466, 528, 529, 535, 540, 541]. He also seeks a copy of the Statement of Reasons attached to his Judgment of Conviction. [Doc. 547]. The Statement of Reasons contains the same information as that contained within the final revised presentence report.

The Bureau of Prisons (BOP) Program Statement No. 1351.05 prohibits federal inmates from possessing copies of their presentence reports due to safety concerns. United States v. Pugh, 69 F. App'x. 628 (4th Cir. 2003); Thompson v. United States Dept. of Justice, 2006 WL 2585033 (N.D.W.Va. 2006). As a result, the Clerk of Court may not mail a copy of the Defendant's presentence report to him. Id.

"Although an inmate is entitled to a copy of his PSR from the Department of Justice of the Bureau of Prisons under FOIA," the Defendant waived his FOIA rights in his plea agreement. Thompson, supra. The Defendant entered into a plea agreement with the Government pursuant to which he agreed to the following provision:

> The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5

U.S.C. §552a.

[Doc. 251, at 5].

The Court therefore finds that the waiver contained within the plea agreement precludes this motion. United States v. Lucas, 141 F. App'x. 169 (4th Cir. 2005), cert. denied 546 U.S. 1196, 126 S.Ct. 1391, 164 L.Ed.2d 94 (2006); Caston v. Executive Office for U.S. Attorneys, 572 F.Supp.2d 125 (D.D.C. 2008).

The Defendant also seeks a copy of an *ex parte* Order concerning the issuance of subpoenas in connection with a motion to suppress. [Doc. 163]. That document remains under seal. [Id.]. In that document, the trial court granted the motion for the issuance of subpoenas for witnesses to testify at the suppression hearing. [Id.]. In the trial court's Order denying the Motion to Suppress, reference is made to each witness who was subpoenaed and who testified at the hearing. [Doc. 180]. The Court will instruct the Clerk of Court to mail to the Defendant a copy of that Order denying the Motion to Suppress. The *ex parte* Order which is under seal will not be mailed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Unseal Documents [Doc. 632] is hereby **DENIED** in part and **GRANTED** in part.

The Clerk of Court is instructed to mail a copy of Document 180 to the Defendant.

Signed: June 26, 2012

Martin Reidinger
United States District Judge