# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr13-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| YVONNE MARIE FOUNTAIN. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the following matters:

1.  The Defendant's Rule 33(b)(1) Motion [Doc. 639];

2.  The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 641];

3.  The Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 646];

4.  The Defendant's Petition for Writ of Error Audita Querela pursuant to 28 U.S.C. §1651 [Doc. 656];

5.  The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 657];

6.  The Defendant's Motion Requesting Grand Jury Transcripts pursuant to the Freedom of Information Act in accordance with 5 U.S.C. §552 [Doc. 658];

7.  The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 659]; and

8.  The Defendant's Motion for the Production of Transcripts and Case Files at Government Expense [Doc. 685].

**PROCEDURAL HISTORY**

After a jury trial, the Defendant and two of her co-defendants were found guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846. United States v. Fountain, 416 F. App'x. 304 (4th Cir. 2011). Due to a prior felony drug conviction, she was sentenced to a mandatory minimum sentence of 240 months imprisonment. Id. at 307. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed Fountain's conviction and sentence. Id. at 312. One of the grounds raised on appeal was Fountain's argument that there was insufficient evidence of her involvement in the conspiracy. On this issue, the Court of Appeals held that the jury

> heard evidence from which it could infer that [co-conspirator] Bruton was a participant in a conspiracy with Foster, a conspiracy to which Bruton pled guilty. The jury could also infer that Fountain was aware of and assisted Bruton in this drug-dealing based on her conduct [of trying to flush the cocaine] when the search warrant was executed at her residence and her August 2008 transaction. A reasonable jury could construe her acts after the search warrant was executed as an attempt to destroy evidence of the conspiracy of which she was a part.

Id. at 311.

Prior to the trial, Fountain requested and received a writ of habeas corpus *ad testificandum* for Bruton. [Doc. 283]. She did not call him as a witness during the trial although he was available. The Government did not call him as a witness. As noted, Fountain's conviction and sentence were affirmed on appeal.

On June 4, 2012, Fountain filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct her sentence. <u>Fountain v. United States</u>, Civil Case No. 1:12cv125.

## DISCUSSION

**The motions to proceed without paying fees.**

The Court first notes that the Defendant has filed four separate motions for leave to proceed without paying fees and costs. [Doc. 641, Doc. 646, Doc. 657, Doc. 659]. It appears that the Defendant is under the erroneous impression that she must file such a motion each time she files a motion seeking some form of relief. Since the Defendant was found entitled to court-appointed counsel in her criminal case, each of these motions is unnecessary and will be denied. [Doc. 3].

**The motion for a new trial.**

Fountain moves for a new trial based on newly discovered evidence,

3

claiming to have "a notarized statement" from Bruton "exonerating her participation and knowledge of his drug activity and possibly [he] had informed the investigating agents of this knowledge as well." [Doc. 638 at 2]. Fountain has not fild any such statement with this Court. The substance of Fountain's argument is that she continues to dispute there was sufficient evidence to convict her of involvement in the conspiracy.

Rule 33 of the Federal Rules of Criminal Procedure provides that the trial court may, on a defendant's motion, grant a new trial "if the interest of justice so requires". Fed.R.Crim.P. 33. The Fourth Circuit has "observed that a court should exercise its discretion to grant a new trial sparingly[.]" United States v. Perry, 335 F.3d 316, 321 (4th Cir.), cert. denied 540 U.S. 1185, 124 S.Ct. 1408, 158 L.Ed.2d 91 (2004) (internal quotation and citations omitted).

> To receive a new trial based on newly discovered evidence under Rule 33, a defendant must demonstrate: (1) the evidence is newly discovered; (2) [s]he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal.

United States v. Griffin, __ F. App'x. __, 2012 WL 3009462 (4th Cir. 2012) (citing United States v. Lighty, 616 F.3d 321, 374 (4th Cir.), cert. denied __ U.S. ___, 132 S.Ct. 451, 181 L.Ed.2d 293 (2011)). Unless a defendant demonstrates all five factors, the motion for a new trial must be denied.

United States v. Cruz, 439 F. App'x. 209 (4th Cir. 2011) (citing United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989)).

In considering a defendant's claim that newly discovered evidence warrants a new trial, the court may assess the credibility of witnesses and the weight of the newly discovered evidence. United States v. Goff, 400 F. App'x. 1 **15 (6th Cir.), cert. denied __ U.S. __, 131 S.Ct. 1032, 178 L.Ed.2d 852 (2011) (citing United States v. Hughes, 505 F.3d 578, 593 (6th Cir. 2007)); United States v. Arrington, 757 F.2d 1484 (4th Cir. 1985). Indeed, the court's role has been described as that of "a thirteenth juror." Goff, 400 F. App'x. at **15. It is axiomatic that any evidence being offered in support of a motion for a new trial must be admissible at a new trial. United States v. Lobo-Lopez, 468 F. App'x. 186 **7 (4th Cir. 2012) (citing United States v. MacDonald, 779 F.2d 962, 964 (4th Cir.), cert. denied 479 U.S. 813, 107 S.Ct. 63, 93 L.Ed.2d 22 (1986)).

Here, Fountain has not placed the purported evidence before the Court. As a result, Bruton's alleged statement cannot be evaluated for either credibility or admissibility. "'[T]he district court is required to make a credibility determination as part of its probability-of-acquittal inquiry.'" Lighty, 616 F.3d at 373 (quoting United States v. Kelly, 539 F.3d 172, 189 (3rd Cir. 2008)).

5

> In making this credibility determination, a district court should focus on whether a jury probably would reach a different result upon hearing the new evidence. Of course, if the district court does not find a witness credible, it follows that the district court would not find the witness sufficiently persuasive to enable the district court to conclude that the witness's testimony would probably produce an acquittal at a new trial. "To make a determination under this standard, the district court cannot view the proffered testimony in a vacuum; it must weigh the testimony against all of the other evidence in the record, including the evidence already weighed and considered by the jury in the defendant's first trial."

Id. at 374 (quoting Kelly, 539 F.3d at 189). "New evidence that bears only on the credibility of a witness does not generally warrant the granting of a new trial[.]" United States v. Crisp, 460 F. App'x. 216, 218 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 2705, 183 L.Ed.2d 62 (2012) (internal quotation and citation omitted).

As noted above, Fountain claims that Bruton has now disavowed her participation in the conspiracy of which she stands convicted. She has not, however, presented the Court with any "newly discovered evidence" to that effect. All that the Court has is Fountain's word as to how Bruton would testify. This defeats any ability on the part of the Court to assess the credibility of such evidence. Moreover, even if Bruton gave such a statement, it would merely be impeaching. United States v. Stallworth, 466 F. App'x. 218, 223 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 2696, 183 L.Ed.2d 56 (2012)

6

(noting that statements provided after trial refuting trial testimony not credible); United States v. Duty, 441 F. App'x. 138 (4th Cir. 2011) (witness recantations of trial testimony do not warrant new trial). The evidence already weighed and considered by the jury is unrefuted. Lighty, 616 F.3d 321.

Furthermore, even if Bruton were to testify as Fountain claims, this is not "newly discovered evidence." Fountain has not shown that she would have been unable to discover this evidence at the time of trial. United States v. Jaramillo, 42 F.3d 920, 925 (5th Cir.), cert. denied 514 U.S. 1134, 115 S.Ct. 2014, 131 L.Ed.2d 1013 (1995) (evidence is not newly discovered where defendant is in possession thereof but fails to realize its relevance). In fact, Fountain had the opportunity to call Bruton as a witness at trial but did not do so. Thus, she has failed to show diligence in discovering the evidence. Lastly, Fountain argued on appeal that there was insufficient evidence to support the jury's finding that she was a part of the conspiracy at issue. Bender v. United States, 372 F. App'x. 638, 641-42 (6th Cir. 2010) (argument raised and rejected on appeal does not constitute newly discovered evidence).

Fountain has failed to show that the evidence she claims to have qualifies as newly discovered, credible, admissible, or material or that it would

probably produce an acquittal. Griffin, __ F. App'x. __, 2012 WL 3009462. The motion therefore must be denied. Cruz, 439 F. App'x. 209.

**The petition for a writ of error *audita querela*.**

Fountain received a sentence of 240 months, which is the mandatory minimum sentence provided in 21 U.S.C. §841(b) because of her prior state felony drug conviction. She now argues that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), requires that she be granted relief pursuant to the All Writs Act, 28 U.S.C. §1651.

Fountain presently has pending a motion pursuant to 28 U.S.C. §2255. Fountain v. United States, Civil Case No. 1:12cv125. The writ of *audita querela* is not available to a federal prisoner where postconviction relief is cognizable pursuant to 28 U.S.C. §2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing In re Rushing-Floyd, 62 F. App'x. 64, 64-65 (4th Cir. 2003)). The motion therefore must be denied.

**The motion for grand jury transcripts.**

Fountain asks that she be provided with transcripts of the grand jury proceedings which culminated in her indictment. As support for that request, she cites the Freedom of Information Act (FOIA), 5 U.S.C. §552. "A federal court is **not** subject to the federal [FOIA]." In re Walker, 2010 WL 2044651

**1 n.1 (D.S.C. 2010) (emphasis in original). FOIA provides that "[e]ach *agency* shall make available to the public information ... ." 5 U.S.C. §552(a) (emphasis provided). The Act specifically excludes "the courts of the United States" from the definition of agency. 5 U.S.C. §551(1)(B). Cases interpreting the statute have upheld this exclusion of the United States Courts from the provisions of FOIA. Gayle v. Johnson, 275 F. App'x. 211, 212 n.1 (4th Cir. 2008), cert. denied 129 S.Ct. 728, 172 L.Ed.2d 732 (2008); United States v. Mitchell, 2003 WL 22999456 (4th Cir. 2003); United States v. Alcorn, 6 F. App'x. 315 (6th Cir. 2001); Smith v. United States District Courts for the Southern District of Illinois, 956 F.2d 647, 648 n.1 (7th Cir. 1992); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1176 (6th Cir.), cert. denied 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984) (FOIA specifically exempts the federal courts from its disclosure requirements.); United States v. McVeigh, 918 F.Supp. 1452 (W.D.Ok. 1996) (FOIA applies to executive branch agencies, not the United States Courts.). The motion is therefore denied.

**The motion for transcripts at government expense.**

In the last motion, Fountain asks for copies of transcripts and "case files" at government expense. No further information is provided to explain why she

needs such a broad range of documents.

The Defendant's criminal case is concluded and the Fourth Circuit has affirmed her conviction and sentence. Although she has a pending motion pursuant to §2255, this motion was filed in her criminal case. 28 U.S.C. §2250. Prisoners are not entitled to copies of documents at government expense absent a showing of particularized need. <u>United States v. Lewis</u>, 37 F.3d 1510 (10th Cir. 1994) (applying particularized need showing to request for documents); <u>Wallace v. United States</u>, 2007 WL 4568971 n.3 (W.D.N.C. 2007); <u>United States v. Adams</u>, 2007 WL 1302543 (D.Kan. 2007) (same standard applied to prisoner requests for documents as to transcripts). In fact, such documents and transcripts may not be furnished at government expense unless this Court "certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]" 28 U.S.C. §753(f). Since the criminal case is concluded, there is no issue to be determined. "An indigent is not entitled to a transcript [and documents] at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." <u>Jones v. Superintendent, Virginia State Farm</u>, 460 F.2d 150, 152 (4th Cir. 1972), <u>cert. denied</u> 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973). Likewise, "across the board fishing expeditions"

do not constitute a "particularized need." United States v. Kin, 577 F.2d 473, 478 (9th Cir. 1978). This motion is therefore denied.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant's Rule 33(b)(1) Motion [Doc. 639] is hereby **DENIED**.

2. The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 641] is hereby **DENIED**.

3. The Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 646] is hereby **DENIED**.

4. The Defendant's Petition for Writ of Error Audita Querela pursuant to 28 U.S.C. §1651 [Doc. 656] is hereby **DENIED**.

5. The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 657] is hereby **DENIED**.

6. The Defendant's Motion Requesting Grand Jury Transcripts pursuant to the Freedom of Information Act in accordance with 5 U.S.C. §552 [Doc. 658] is hereby **DENIED**.

7. The Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 659] is hereby **DENIED**.

8. The Defendant's Motion for the Production of Transcripts and Case Files at Government Expense [Doc. 685] is hereby **DENIED**.

Signed: September 18, 2012

Martin Reidinger
United States District Judge